

**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

null / ALL
Transmittal Number: 10019971
Date Processed: 06/15/2012

| Primary Contact: | WF West - WF Bank<br>Corporation Service Company- Wilmington, DELAWARE<br>2711 Centerville Rd<br>Suite 400<br>Wilmington, DE 19808 |
|---|---|

| | |
|---|---|
| Entity: | Wells Fargo Bank, National Association<br>Entity ID Number  2013649 |
| Entity Served: | Wells Fargo Bank, N.A. |
| Title of Action: | Darren Hendren vs. Wells Fargo Bank, N.A. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court/Agency: | Marion County Circuit Court, Oregon |
| Case/Reference No: | 12C16828 |
| Jurisdiction Served: | Oregon |
| Date Served on CSC: | 06/15/2012 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | Wells Fargo Bank |
| How Served: | Client Direct |
| Sender Information: | Christopher B. Matheny<br>503-581-1542 |
| Client Requested Information: | Matter Management User Groups: [SPECIAL CASE UNIT - WFHM] |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

EXHIBIT ___1___
PAGE ___1___

# FETHERSTON EDMONDS, LLP
## ATTORNEYS

Ben C. Fetherston, Jr.*
James C. Edmonds, P.C.
Steven M. Lippold, P.C.*
Jeffrey A. Trautman
Christopher B. Matheny†

Direct Dial (503) 485-7219
e-mail cmatheny@fetherstonedmonds.com

960 Liberty Street SE, Suite 110
P.O. Box 2206
Salem, Oregon 97308-2206
Main (503) 581-1542
Fax (503) 585-3978

*Also admitted to practice in Washington
†Of Counsel

June 7, 2012

Formerly Clark, Lindauer, Fetherston,
Edmonds, Lippold & Collier

VIA FIRST-CLASS MAIL AND
CERTIFIED MAIL–RETURN RECEIPT REQUESTED

**IMAGE-200**
**JUN 1 2 2012**

Wells Fargo Bank, N.A.
John G. Stumpf, Chairman, President & CEO
101 N. Phillips Avenue
Sioux Falls, SD 57104

          Re:    Hendren v. Wells Fargo Bank, N.A., et al
                  Marion County Case No. 12C-16828
                  My Client:         Darren Hendren
                  Property Address:  5515 Serenity Drive, SE, Salem, OR 97307
                  Account No:       0999739584
                  My File No.        80951

Dear Mr. Stumpf:

      Enclosed please find certified true copies of the Summons, Complaint, Motion, Declaration and Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Enter, along with the judge assignment for the above-entitled matter.

      Your attention to this matter is appreciated.

                      Sincerely,

                      Christopher B. Matheny

CBM:tcp
Enclosures
cc:    Client

EXHIBIT   1
PAGE    2

IN THE CIRCUIT COURT OF THE STATE OF OREGON
IN AND FOR THE COUNTY OF MARION

DARREN HENDREN, an individual, )
                                  ) Case No.: 12C-16828
                 Plaintiff, )
                                    )
      vs.                                    ) SUMMONS
                                      )
WELLS FARGO BANK, N.A., a national banking )
association; WELLS FARGO HOME MORTGAGE, )
INC.; and T.D. SERVICE FINANCIAL )
CORPORATION, a foreign business corporation, )
and CHRISTOPHER DORR, an individual, )
                             Defendants. )
                                       )

TO:      WELLS FARGO BANK, N.A. by and through John G. Stumpf as Chairman, President and CEO of Wells Fargo Bank, N.A., 101 N. Phillips Avenue, Sioux Falls, SD 57104

       You are hereby required to appear and defend the Complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, Plaintiff will apply to the Court for the relief demanded in the Complaint.

**NOTICE TO DEFENDANT:**
**READ THESE PAPERS CAREFULLY!**

       You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have any attorney, proof of service on the plaintiff.

       If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service online at www.oregonstatebar.org or by calling (503) 684-3763 (in the Portland metropolitan area) or toll-free elsewhere in Oregon at (800) 452-7636.

       DATED this **7** day of June, 2012.

                                       Christopher B. Matheny, OSB #023843
                                       Of Attorneys for Plaintiffs
                                       Fetherston Edmonds, LLP
                                       960 Liberty Street SE, Suite 110, Salem, OR 97302
                                       Telephone: 503-581-1542; Facsimile: 503-585-3978

       I, the undersigned attorney of record for Plaintiff, certify that the foregoing is an exact and complete copy of the original summons in the above-entitled action.

                                       Christopher B. Matheny, OSB #023843
                                       Of Attorneys for Plaintiffs

**TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS:**

       You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, along with a certified true copies of the Motion, Declaration and Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Enter, upon the individuals or other legal entities to whom this summons is directed, and to make your proof of service upon a separate document which you shall attach hereto.

                                       Christopher B. Matheny, OSB #023843   **EXHIBIT**  **1**
                                       Of Attorneys for Plaintiffs          **PAGE**  **3**



JUN 01 2012

Marion County Circuit Court



This is a certified
true copy of the original

_____
Of Attorneys for _pl._

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

DARREN HENDREN,
An individual

                           Plaintiffs,

    And

WELLS FARGO BANK, N.A.,
a national banking association; WELLS
FARGO HOME MORTGAGE, INC.; T.D.
SERVICE FINANCIAL CORPORATION, a
foreign business corporation, and
CHRISTOPHER DORR, an individual.

                           Defendants.

) Case No.: 12C16828
)
) COMPLAINT
) (Wrongful Foreclosure, Unlawful Trade Practices
) Act, Breach of the Covenant of Good Faith and
) Fair Dealing, and Injunction)
)
) Claim not subject to mandatory arbitration
) Amount claimed $25,000 - $ 240.00 filing fee
) pursuant to Oregon Laws Chapter 595, Sec.
) 15(1)(b)
)
) JURY TRIAL REQUESTED
)

PLAINTIFF DARREN HENDREN, by and through his attorney, Christopher B.
Matheny of Fetherston Edmonds, LLP, hereby allege as follows:

**Parties**

1.

At all times material herein, Darren Hendren (hereinafter "PLAINTIFF") was a resident
of Marion County, Oregon. PLAINTIFF resides in real property commonly known as 5515
Serenity Drive SE, Salem, Marion Count, Oregon (hereinafter "Personal Residence"). The
Personal Residence is subject to a non-judicial foreclosure sale scheduled for June 4, 2012 at
10:00 am.

Page 1- COMPLAINT (Wrongful Foreclosure, Unlawful Trade Practices Act, and Breach of
      Covenant of Good Faith and Fair Dealing, and Injunction )

FETHERSTON EDMONDS, LLP
ATTORNEYS
960 Liberty Street SE, Ste. 110 · P.O. Box 2206
Salem, OR 97308-2206
(503) 581-1542 Fax (503) 585-3978

EXHIBIT ____1____
PAGE ____4____

2.

At all times material herein, DEFENDANT WELLS FARGO BANK, N.A., (hereinafter "WELLS FARGO BANK"), was and is a national banking association, that purportedly is headquartered in Sioux Falls, South Dakota. WELLS FARGO does business in the State of Oregon and several other states throughout the country.

3.

WELLS FARGO HOME MORTGAGE, INC., (hereinafter "WELLS FARGO HOME MORTGAGE") is a division of WELLS FARGO BANK and services mortgages originated and purchased by WELLS FARGO BANK, including mortgage loans and lines of credit to Oregon homeowners. WELLS FARGO HOME MORTGAGE, INC., is headquartered in Des Moines, Iowa.

4.

At all relevant times, PLAINTIFF believes WELLS FARGO HOME MORTGAGE's conduct was approved, authorized, and/or ratified by WELLS FARGO BANK. As a result, DEFENDANTS will be collectively referred to herein as "WELLS FARGO."

5.

TD SERVICE FINANCIAL CORPORATION, (hereinafter "TD SERVICE COMPANY"), was and is a foreign business corporation registered in the State of California, and conducting non-judicial foreclosure services and other related services by and through an company known as "T.D. Service Company." PLAINTIFF is unaware if TD SERVICE COMPANY is property registered to do business in the State of Oregon. DEFENDANT

Page 2- COMPLAINT (Wrongful Foreclosure, Unlawful Trade Practices Act, and Breach of Covenant of Good Faith and Fair Dealing, and Injunction )

FETHERSTON EDMONDS, LLP
ATTORNEYS
960 Liberty Street SE, Ste. 110 · P.O. Box 2206
Salem, OR 97308-2206
(503) 581-1542 Fax (503) 585-3978

EXHIBIT    1
PAGE    5

1   WELLS FARGO directly PLAINTIFF to speak directly with TD SERVICE COMPANY

2   regarding the non-judicial foreclosure process.

3                                   6.

4       DEFENDANT CHRISTOPHER C. DORR, OSB #992526, was appointed the successor

5   trustee of the trust deed in question in this matter.  The Appointment of Successor Trustee was

6   recorded with the Marion County Recorders Office on August 31, 2011.  PLAINTIFF has reason

7   to believe that TD SERVICES COMPANY is working either with or by and through

8

9   DEFENDANT DORR.

10                          **Foreclosure Sale**

11                                  7.

12

13      On or about December 29, 2011, PLAINTIFF requested a loan modification on the loan

14  serviced and/or owned by WELLS FARGO.  On May 31, 2012 at approximately 5:20 p.m.,

15  WELLS FARGO notified PLAINTIFF that his loan modification request was denied and that the

16  non-judicial foreclosure sale would occur less than two business days later on June 4, 2012.

17  Despite PLAINTIFF's request that the sale be postponed, it is still scheduled to occur.

18                     **Facts Relevant to All Claims**

19

20                                  8.

21      On or about May 24, 2006, PLAINTIFF obtained a loan on his Personal Residence

22  PLAINTIFF signed a Fixed Rate Loan Note with "Wells Fargo Bank, N.A."  A copy is attached

23  hereto as Exhibit "A".

24  /////

25  /////

26

Page 3- COMPLAINT (Wrongful Foreclosure, Unlawful Trade Practices Act, and Breach of
        Covenant of Good Faith and Fair Dealing, and Injunction )

FETHERSTON EDMONDS, LLP
ATTORNEYS
960 Liberty Street SE, Ste. 110 · P.O. Box 2206
Salem, OR 97308-2206
(503) 581-1542 Fax (503) 585-3978

EXHIBIT  1

PAGE  6

7.

To secure payment on the above-referenced Fixed Rate Loan Note, a Short Form Line of Credit Deed of Trust (hereinafter "Deed of Trust") was executed by PLAINTIFF. On May 30, 2006, the Deed of Trust was recorded with the Marion County Recorder at Reel 2653, Page 489. A copy of said Deed of Trust is attached hereto as Exhibit "B."

9.

PLAINTIFF is the fee simple owner of the Personal Residence. The Personal Residence is not in the actual possession of any other persons other than PLAINTIFF.

10.

At some point after the recording of the Deed of Trust, DEFENDANT WELLS FARGO HOME MORTGAGE began servicing the loan.

11.

During 2008, 2009 and 2010, PLAINTIFF a construction contractor, experienced financial difficulties due to the economic recession, decrease in the construction industry, and the malpractice of his bankruptcy counsel. PLAINTIFF struggled to make his monthly mortgage payments to WELLS FARGO.

12.

On or about August 31, 2011, WELLS FARGO, by and through DORR and/or TD SERVICE COMPANY commenced a non-judicial foreclosure action against PLAINTIFF's Personal Residence. A Notice of Default and Election to Sell (hereinafter "Notice") was recorded. The Notice was recorded with Marion County Recorder's Office at Reel 3312, Page

Page 4- COMPLAINT (Wrongful Foreclosure, Unlawful Trade Practices Act, and Breach of Covenant of Good Faith and Fair Dealing, and Injunction )

FETHERSTON EDMONDS, LLP
ATTORNEYS
960 Liberty Street SE, Ste. 110 · P.O. Box 2206
Salem, OR 97308-2206
(503) 581-1542 Fax (503) 585-3978

EXHIBIT __1__

PAGE __7__

366. The Notice lists "Wells Fargo Bank, N.A." as "beneficiary."  A copy of the Oregon Notice of Default and Election to Sell is attached hereto as Exhibit "C."

13.

After the initiation of the non-judicial foreclosure sale, PLAINTIFF contacted WELLS FARGO to request a loan modification.  During the months of December through May 31, 2012, PLAINTIFF worked in good faith with WELLS FARGO for a loan modification.

14.

In April 2012, PLAINTIFF was approved for a loan modification via the servicer of the first loan that encumbers the Personal Residence.

15.

As alleged in Paragraph 7 above, PLAINTIFF was denied a loan modification on May 31, 2012.  The Personal Residence is scheduled for a non-judicial foreclosure sale on June 4, 2012.

* * * * *

FOR A FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS, Plaintiff alleges as follows:

**(WRONGFUL FORECLOSURE)**

16.

PLAINTIFF re-alleges and incorporate by reference the allegations contained in Paragraphs 1 through 15 set forth hereinabove.

/ / / / /

/ / / / /

Page 5- COMPLAINT (Wrongful Foreclosure, Unlawful Trade Practices Act, and Breach of Covenant of Good Faith and Fair Dealing, and Injunction )

EXHIBIT 1
PAGE 8

17.

WELLS FARGO directly, or by and through its agents, and/or others, has initiated a non-judicial foreclosure of the Personal Residence.  DEFENDANTS have pursued a non-judicial foreclosure of the Personal Residence despite PLAINTIFF working in good faith to obtain a loan modification.  The loan modification review and the foreclosure sale happened simultaneously. WELLS FARGO either stalled, intentionally delayed, and/or lead PLAINTIFF to believe that he would have his loan modified in order to deprive him of his ownership interest in the Personal Residence.

18.

As a direct and proximate result of DEFENDANTS' attempts to foreclose an interest in the Personal Residence, PLAINTIFF has suffered emotional distress and interference with his right to occupy and enjoy the use of the Personal Residence, and sustained economic and non-economic damages in the amount of $25,000.00, or in amount to be proven with specificity at trial.

19.

The non-judicial foreclosure sale scheduled for June 4, 2012 must be cancelled and the Notice be rescinded. DEFENDANTS should be restrained from taking any further action to foreclose and sell the Personal Residence.

20.

PLAINTIFFS have no plain, speedy or adequate remedy at law.

/ / / / /

/ / / / /

Page 6- COMPLAINT (Wrongful Foreclosure, Unlawful Trade Practices Act, and Breach of Covenant of Good Faith and Fair Dealing, and Injunction )

EXHIBIT     1
PAGE _____ 9

21.

Pursuant to terms of the Fixed Rate Loan Note, paragraph 16 of the Master Form Line of Credit Deed of Trust referenced and incorporated into the Short Form Deed of Trust, and ORS 20.096, PLAINTIFF is entitled to his reasonable attorney fees and costs incurred.

\* \* \* \* \*

FOR A SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS, Plaintiff allege as follows:

### (VIOLATION OF THE UNLAWFUL TRADE PRACTICES ACT)

22.

PLAINTIFF re-alleges and incorporate by reference the allegations contained in Paragraphs 1 through 15 set forth herein above.

23.

Under Oregon's Unlawful Trade Practices Act, it is unlawful to employ any unconscionable tactic in connection with the collection or enforcement of an obligation. See ORS 646.608. Under Oregon law, DEFENDANTS are also required exercise their obligations and duties in good faith. See OAR 137-020-0805. Furthermore, under Oregon Law, DEFENDANTS are to notify PLAINTIFF at least 20 days prior to a non-judicial foreclosure sale date that his loan modification request was denied. Id.

24.

DEFENDANTS conduct was in bad faith and violated the Unlawful Trade Practices Acts, in the following way, including but not exclusive to:

Page 7- COMPLAINT (Wrongful Foreclosure, Unlawful Trade Practices Act, and Breach of Covenant of Good Faith and Fair Dealing, and Injunction )

EXHIBIT  1

PAGE  10

A)    Failing to deal in good faith with PLAINTIFF during his loan modification process by not making fair or reasonable loan modification offers, and failing to timely provide said offers, if any;

B)    Failing to promptly notify PLAINTIFF 20 days in advance of the non-judicial foreclosure sale date that his loan modification request was denied;

C)    Failing to provide reasonable mortgage foreclosure prevention options and/or timelines in which to comply with mortgage foreclosure prevention options.

25.

As a direct and proximate result of DEFENDANTS' conduct alleged in Paragraph 24, PLAINTIFF has suffered emotional distress and interference with his right to occupy and enjoy the use of the Personal Residence. PLAINTIFF is entitled to statutory damages in the amount of $200.00 as provided by ORS 646.638(1), or the actual damages suffered, whichever is higher, in an amount that will be proven with certainty at trial.

26.

PLAINTIFF is entitled to an injunction preventing the non-judicial foreclosure sale from occurring as well as the conduct from continuing per ORS 646.608(5), and any other equitable relief as necessary per ORS 646.638(1).

27.

Pursuant to ORS 646.638(3), the terms of the line of credit instruction, paragraph 16 of the Master Form Line of Credit Deed of Trust referenced and incorporated into the Short Form Deed of Trust, and ORS 20.096, PLAINTIFF is entitled to his reasonable attorney fees and costs incurred.

Page 8- COMPLAINT (Wrongful Foreclosure, Unlawful Trade Practices Act, and Breach of Covenant of Good Faith and Fair Dealing, and Injunction )

EXHIBIT    1
PAGE    11

* * * * *

FOR A THIRD CLAIM FOR RELIEF AGAINST DEFENDANT WELLS FARGO, Plaintiff alleges as follows:

**(BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)**

28.

PLAINTIFF re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 15 set forth herein above.

29.

WELLS FARGO owed PLAINTIFF a duty of good faith and fair dealing by virtue of WELLS FARGO's contractual relationship with PLAINTIFF per the Fixed Rate Note and Trust Deed.

30.

WELLS FARGO breached this duty by, among other things:

A)    Failing to promptly notify PLAINTIFFS of his loan modification options;

B)    Failing to provide reasonable mortgage foreclosure prevention options and/or timelines in which to comply with mortgage foreclosure prevention options.

C)    Failing to provide PLAINTIFF with reasonable notice prior to the non-judicial foreclosure sale that his loan modification had been denied;

D)    Failing to provide PLAINTIFF with reasonable time to verify that his loan modification request was in fact reviewed and done correctly;

E)    Unreasonably exercising bad faith in any purported discretionary authority they claim they were afford under the Note, Trust Deed and/or Oregon law.

Page 9- COMPLAINT (Wrongful Foreclosure, Unlawful Trade Practices Act, and Breach of Covenant of Good Faith and Fair Dealing, and Injunction )

EXHIBIT    1
PAGE    12

31.

WELLS FARGO willfully engaged in the foregoing conduct in bad faith for the purpose of displacing PLAINTIFF from his Personal Residence, taking legal ownership of the Personal Residence, and either selling, renting or leasing the Personal Residence for a profit.

32.

As a result of these breaches of the covenant of good faith and fair dealing, PLAINTIFF has been and has suffered actual damages and monetary losses, and the imminent threat of having his Personal Residence sold at a non-judicial foreclosure sale. PLAINTIFF's damages are estimated to be $25,000.00, but will be proven with certainty at trial.

33.

PLAINTIFF is entitled to an injunction preventing the non-judicial foreclosure sale from occurring as well as the conduct from continuing and any other equitable relief as necessary.

34.

Pursuant to terms of the Fixed Rate Loan Note, paragraph 16 of the Master Form Line of Credit Deed of Trust referenced and incorporated into the Short Form Deed of Trust, and ORS 20.096, PLAINTIFF is entitled to his reasonable attorney fees and costs incurred.

/ / / / /

/ / / / /

/ / / / /

/ / / / /

/ / / / /

Page 10- COMPLAINT (Wrongful Foreclosure, Unlawful Trade Practices Act, and Breach of Covenant of Good Faith and Fair Dealing, and Injunction )

FETHERSTON EDMONDS, LLP
ATTORNEYS
960 Liberty Street SE, Ste. 110 · P.O. Box 2206
Salem, OR 97308-2206
(503) 581-1542 Fax (503) 585-3978

EXHIBIT  1
PAGE  13

* * * * *

FOR A FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS, Plaintiff alleges as follows:

### (INJUNCTION)

35.

PLAINTIFFS re-allege and incorporate by reference the allegations contained in Paragraphs 1 through 15 set forth herein above.

36.

To maintain the status quo between the parties while the matter is pending, PLAINTIFF seeks an order from the Court to retain title to the Personal Residence and to remain in actual possession of Personal Residence until the conclusion of this matter. DEFENDANTS and their agents, successor and assigns should be enjoined from seeking to non-judicially foreclose the Personal Residence.

37.

If the Preliminary Injunction is not entered, PLAINTIFF would suffer irreparable harm if his Personal Residence was sold prior to the resolution of this matter. PLAINTIFF's Personal Residence is unique and irreplaceable.

42.

Pursuant to terms of the Fixed Rate Loan Note, paragraph 16 of the Master Form Line of Credit Deed of Trust referenced and incorporated into the Short Form Deed of Trust, and ORS 20.096, PLAINTIFF is entitled to his reasonable attorney fees and costs incurred.

/ / / / /

Page 11- COMPLAINT (Wrongful Foreclosure, Unlawful Trade Practices Act, and Breach of Covenant of Good Faith and Fair Dealing, and Injunction )

FETHERSTON EDMONDS, LLP
ATTORNEYS
960 Liberty Street SE, Ste. 110 · P.O. Box 2206
Salem, OR 97308-2206
(503) 581-1542 Fax (503) 585-3978

EXHIBIT 1
PAGE 14

\* \* \* \* \*

WHEREFORE, PLAINTIFF prays for Judgment as follows:

1.    On PLAINTIFF's First Claim for Relief (WRONGFUL FORECLOSURE), for Judgment against DEFENDANTS as follows:

(a)    For an award of PLAINTIFFS' damages in an amount or $25,000.00 or in amount that will be proven with certainty at trial;

(b)    For the DEFENDANTS to halt and cease any and all foreclosure options against the Personal Residence.

(c)    For an award of PLAINTIFF's reasonable attorney fees incurred herein; and

(d)    For an award of PLAINTIFF's costs and disbursements incurred herein.

2.    On PLAINTIFF'S Second Claim for Relief (UNLAWFUL TRADE PRACTICES), for Judgment against DEFENDANTS as follows:

(a)    For an award of PLAINTIFF'S damages in the statutory amount of $200.00, or his actual damages, an amount that will be proven with certainty at trial, whichever is higher;

(b)    Per ORS 646.608(5), an injunction preventing the conduct from continuing including the sale of the home;

(c)    Per ORS 646.638(1), an award of any equitable relief necessary;

(d)    For an award of PLAINTIFF's reasonable attorney fees incurred herein; and

(e)    For an award of PLAINTIFF's costs and disbursements incurred herein.

3.    On PLAINTIFF's Third Claim for Relief (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING), for Judgment against DEFENDANT WELLS FARGO as follows:

(a)    For an award of PLAINTIFFS' damages in an amount or $25,000.00 or in amount that will be proven with certainty at trial;

Page 12- COMPLAINT (Wrongful Foreclosure, Unlawful Trade Practices Act, and Breach of Covenant of Good Faith and Fair Dealing, and Injunction )

EXHIBIT    1
PAGE    15

(b)    An injunction preventing the conduct from continuing including the sale of the home;

(c)    Per ORS 646.638(1), an award of any equitable relief necessary;

(d)    For an award of PLAINTIFF's reasonable attorney fees incurred herein; and

(e)    For an award of PLAINTIFF's costs and disbursements incurred herein.

4.    On PLAINTIFF's Fourth Claim for Relief (INJUNCTION), for Judgment against DEFENDANTS as follows:

(a)    For an Order preventing the conduct from continuing including the non-judicial foreclosure of the home until the conclusion of this matter;

(b)    For an award of PLAINTIFF's reasonable attorney fees incurred herein; and

(c)    For an award of PLAINTIFF's costs and disbursements incurred herein.

DATED this 1st day of June, 2012.

FETHERSTON EDMONDS, LLP

By:      **/s/ CHRISTOPHER B. MATHENY**

Christopher B. Matheny, OSB #023843
cmatheny@fetherstonedmonds.com
Attorney for Plaintiffs

Page 13- COMPLAINT (Wrongful Foreclosure, Unlawful Trade Practices Act, and Breach of Covenant of Good Faith and Fair Dealing, and Injunction )

FETHERSTON EDMONDS, LLP
ATTORNEYS
960 Liberty Street SE, Ste. 110 · P.O. Box 2206
Salem, OR 97308-2206
(503) 581-1542 Fax (503) 585-3978

EXHIBIT   1
PAGE   16

Wells Fargo Bank, N.A.

NOTE DATE:          05-23-2006
MATURITY DATE:      06-07-2021

)

## FIXED RATE LOAN NOTE
### (Partially Amortizing Payments -- Balloon)

Borrower Name:
DARREN A HENDREN And DEBORAH A HENDREN

Property Address:
5515 SERENITY DR SE, SALEM, OREGON 97301

Mailing Address for billing purposes (if different):
N/A

## SECTION 1:  MY LOAN

In this Note, the words, "I," "me," "my," and "Borrower" (which also means "we," "us," "our," and "Borrowers," if more than one borrower signs below) refer to each person who signs this Note.  The words "you," "your," "Lender," and "the Bank" refer to Wells Fargo Bank, N.A., and any successor or assign or subsequent holder of this Note. Each person who signs this Note is jointly and individually bound by its terms and will be directly liable to the Bank for the entire amount owed on this Note, and each is liable as the principal and not merely as a guarantor.

If I make the regularly scheduled payments on this Loan, I will still owe a large sum at maturity.  This Loan is payable in full at maturity.  I must repay the entire Principal balance of the Loan and unpaid interest then due.  The Bank is under no obligation to refinance the Loan at that time.  I will, therefore, be required to make payment out of other assets that I may own, or I will have to find a lender, which may be the lender I have this Loan with, willing to lend me the money.  If I refinance this Loan at maturity, I may have to pay some or all of the closing costs normally associated with a new loan even if I obtain refinancing from the same lender.

## SECTION 2:  SECURITY INTEREST

I am giving the Bank a deed of trust, mortgage or other security instrument including all modifications, addenda and amendments to them (the "Security Instrument") signed the same date as this Note.  The Security Instrument gives you a security interest in the property located at the address shown above (the "Property").

## SECTION 3:  MY PROMISE TO PAY

FRN Multi-state, HCWF#144v19 (01/20/06)

Documents Processed 05-22-2006, 17:44:42

1/6

EXHIBIT    1
PAGE       17

EXHIBIT   A   PAGE   1 OF 6

In return for a loan that I have received (the "Loan"), I promise to pay $240,000.00    (this    amount    is    called "Principal"), plus interest, to the order of the Bank. I understand that the Bank may transfer this Note. I will make all payments under this Note in U.S. Dollars.

## PAYMENTS

I will pay monthly payments of Principal and interest on the 7TH day of each month beginning on 07-07-2006. My monthly payment will be in the amount of U.S. $1,784.66.

On 06-07-2021, I will pay a final balloon payment equal to the unpaid Principal plus all remaining interest, fees and other sums owed under this Note and the Security Instrument. I understand that the Bank is not under any obligation to refinance my final balloon payment.

I will make payments at the Bank's address indicated on my payment coupon or my billing statement, unless another payment method is authorized by the Bank. Each non-electronic payment I make will be accompanied by the remittance portion of my billing statement or payment coupon.

I understand that payments I make by mail to the address indicated on my billing statement or payment coupon will be credited to my Loan as of the date received (including Saturdays, Sundays, and holidays) if the Bank receives the payment prior to 5 p.m. local time for the payment address.

Payments I make from a qualified account ("Automatic Payments") pursuant to an Authorization for Automatic Transfer will be credited to my Loan on the date received (including Saturdays, Sundays, and holidays).

Payments I make at a Bank branch and received prior to established cut-off times will be credited to my Loan on the business day the payment is received by the Bank. For purposes of this rule, a business day includes any day other than Saturdays, Sundays, and Bank observed holidays. Payments made at a Bank branch received on a Saturday, Sunday, or Bank observed holiday or after established cut-off times will be credited as of the next business day.

Payments I make online, by ATM, by telephone, or by any other means the Bank may make available to me and received prior to established cut-off times will be credited to my Loan on the business day the payment is received by the Bank. For purposes of this rule, a business day includes any day other than Saturdays, Sundays, and federal holidays. Payments made online, by ATM, by telephone, or by any other means the Bank may make available to me received on a Saturday, Sunday, or federal holiday or after established cut-off times will be credited as of the next business day.

I will not make payment or authorize others to make payment for me by means of a single aggregated payment, which includes payments for this Loan and any other account(s), unless the payment is made in compliance with the Bank's requirements for multiple account payments.

The Bank may accept late payments, partial payments, post-dated checks, or any form of payment containing a restrictive endorsement, without losing any of the Bank's rights under this Note. The Bank's acceptance of checks or money orders labeled "payment in full," or words to that effect, will not constitute an accord and satisfaction nor a waiver of any rights the Bank has to receive full payment. If I intend to condition a payment, pay the Loan in full with less than the total amount owed, or give payment instructions, I will clearly set out such intention, conditions and instructions in a separate letter accompanying my payment, and mail both to Wells Fargo Bank, N.A., P.O. Box 2993, Portland, OR 97208.

## PRINCIPAL PAYMENTS BEFORE THEY ARE DUE

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Principal Reduction." When I make a Principal Reduction, I will tell the Bank in a letter that I am doing so. A Principal Reduction resulting in payoff prior to the maturity of this Note may result in the assessment of a prepayment fee or an origination fee (collection deferred).

FRN Multi-state, HCWFM144v19 (01/20/06)

Documents Processed 05-22-2006, 17:44:42

2/6

EXHIBIT  1
PAGE    18

EXHIBIT  A  PAGE 2 OF 6

## SECTION 4: INTEREST

I will pay interest at a simple annual interest rate of 8.100%. Interest will be charged on the unpaid Principal until the full amount of Principal has been paid. The interest rate required by this Section 4 is the rate I will pay both before and after any default under this Note.

## SECTION 5: AUTOMATIC PAYMENT DISCOUNT

The Automatic Payment discount is not available for this Loan.

## SECTION 6: ORIGINATION FEE

**ORIGINATION FEE**
I agree to pay an origination fee of $4,550.00 at the settlement of my Loan.

## SECTION 7: CLOSING COSTS

In addition to the fees and charges set forth in this Note, I agree to pay the closing costs set forth in the HUD Settlement Statement (if any) at the settlement of my Loan.

## SECTION 8: FEES, COSTS AND CHARGES

I agree to pay the following non-refundable fees and charges.

**LATE CHARGES**
If my scheduled payment is more than ten (10) days past due, I will pay a late charge equal to the greater of five dollars ($5.00) or five percent (5%) of the scheduled payment.

**PREPAYMENT FEE**
I agree to pay a prepayment fee of $500.00. I agree to pay the prepayment fee if I prepay this Note in full at any time within the first three (3) years after the date of this Note. I do not have to pay the prepayment fee if I prepay my Loan in full because of default due to non-payment, casualty loss, or if I refinance my Loan with you or your affiliate.

## SECTION 9: OTHER CHARGES

To the extent allowed by law, I agree to pay the following fees if I request or authorize these additional services:

    (a) **Fax Fee:** I agree to pay a fax fee in the amount of ten dollars ($10.00) if I request or authorize others to request the Bank to transmit any document or letter by facsimile (fax) machine.
    (b) **Research/Photocopy Fee:** I agree to pay a research/photocopy fee in the amount of five dollars ($5.00) per photocopy if I request or authorize others to request the Bank to provide photocopies of Loan documents.
    (c) **Reconveyance or Satisfaction Fee:** I agree to pay reconveyance and satisfaction fees as allowed by applicable law when the Bank reconveys/discharges/releases the Security Instrument.
    (d) **Return Check Fee:** I agree to pay a return check fee of twenty-five dollars ($25.00) if I make a payment with a check that is dishonored for any reason.

I also agree to pay any other reasonable fees the Bank may charge.

## SECTION 10: COLLECTION COSTS AND ATTORNEY'S FEES

EXHIBIT    1

PAGE    19

EXHIBIT  A  PAGE 3 OF 6

If I am in default, I agree to pay the Bank's collection costs, attorneys' fees and other expenses of enforcing the Bank's rights under this Note and the Security Instrument unless prohibited by applicable law.

## SECTION 11:  TAX DEDUCTIBILITY

I understand that I should consult a tax advisor regarding the deductibility of interest and charges under my Loan.

## SECTION 12:  DEFAULT

I will be in default if any one of the following occur:

- I fail to pay the full amount of any payment when due.
- I commit fraud or make a material misrepresentation in connection with this Note.
- A case under the U.S. Bankruptcy Code is started by or against me.
- Any action or inaction by me adversely affects the Bank's security in the Property, including, without limitation, transfer of the Property without the Bank's consent.
- The Bank believes in good faith that I may not be able or willing to pay as promised.
- Any person who has signed this Note dies.
- If I am an executive officer of the Bank and federal law governing credit extended by a bank to its executive officer, including without limitation Section 215.5(d)(4) of Federal Reserve Regulation O (12 CFR § 215.5(d)(4)), permits or requires immediate payment of all outstanding Principal, interest and any other charges that I may owe under this Note.

If I am in default, subject to any notice and right to cure required by applicable law, the Bank may require me to pay immediately all sums I owe under this Note. Even if, at the time when I am in default, the Bank does not require me to pay immediately in full as described above, the Bank will still have the right to do so if I am in default at a later time.

## SECTION 13:  FURTHER ASSURANCES

I agree that I will take any steps including but not limited to signing, filing or recording any documents which are necessary, or which the Bank deems appropriate, to be sure that my obligations to the Bank under this Note become and continue to be secured by the Security Instrument.

## SECTION 14:  CHANGE IN RESIDENCE OR OWNERSHIP OF THE PROPERTY

I agree to notify the Bank immediately if (a) the Property is my primary residence and I cease to live in the Property as my primary residence, or (b) there is any change in the ownership of the Property.  I agree that my Loan will be accelerated and the outstanding balance of my Loan will be due and payable immediately on any sale or other transfer of the Property.  In this regard, I understand that the Security Instrument contains the following or a substantially similar provision:

> Upon sale, transfer, hypothecation, assignment or encumbrance, whether voluntary, involuntary, or by operation of law, of all or any part of the Property or any interest therein, then at its sole option, the Bank may, by written notice to Trustor (or Grantor or Mortgagor), declare all obligations secured hereby immediately due and payable, except to the extent that such acceleration and in such particular circumstances where exercise of such a right by the Bank is prohibited by law.

## SECTION 15:  WAIVERS

### BORROWER'S WAIVERS

I waive my rights to require the Bank to do certain things. Those things are: (a) to demand payment of amounts due (known as "presentment"); (b) to give notice that amounts due have not been paid (known as "notice of dishonor"); (c) to obtain an official certification of nonpayment (known as "protest").  Anyone else who agrees to keep the

FRN Multi-state, HCWF#144v19 (01/20/06)

EXHIBIT ____1____
PAGE ____20____

EXHIBIT **A** PAGE **4** OF **6**

promises made in this Note, or who agrees to make payments to the Bank if I fail to keep my promises under this Note, or who signs this Note to transfer it to someone else, waives these rights. These persons are known as "guarantors, sureties and endorsers."

**BANK'S NON-WAIVER**
The Bank may fail to make use of any of its rights under this Note or the Security Instrument or under applicable law on one or more occasions, or delay or partially exercise such rights, without waiving any of its rights or amending any of my obligations. The Bank may fail to make use of any of its rights or delay or partially exercise such rights against one party, without waiving any of its rights against any other party to this Note.

## SECTION 16:  CREDIT REPORTS

My signature on this Note authorizes the Bank to obtain my credit report in connection with (a) renewing, modifying or extending this Note; (b) reviewing my Loan; (c) taking any collection action; and (d) any other legitimate purposes associated with my Loan.

## SECTION 17:  GOVERNING LAW; SEVERABILITY

All interest, fees and other amounts charged or accruing in connection with this Note, which are considered "interest" within the meaning of Section 85 of the National Bank Act (12 USC § 85; 12 CFR 7.4001(a)), shall be governed by and interpreted under South Dakota law. In all other respects, this Note and all related documents, as well as the rights, remedies, and duties of the Bank and the Borrower(s), shall be governed and interpreted by federal law with respect to national banks and to the extent not preempted by federal law, the laws of the state in which the Property is located.

If any provision of this Note or the Security Instrument is determined to be invalid or unenforceable by a court of competent jurisdiction, the rest of this Note will remain in full force and effect and enforceable according to its terms. All references in this Note to the singular shall include the plural and vice versa.

## SECTION 18:  NOTICES

Unless applicable law requires a different method, any notice that must be given to me or to anyone else who signs, guarantees or endorses this Note may be given by mailing it to my address as set forth above in this Note, or to a different address if I have properly notified the Bank of that different address. Any notice that I may send to the Bank must be given by mailing it to the Bank at the address provided on my billing statement or payment coupon, unless the type of notice is more specifically addressed in this Note and a different address is provided herein.

I agree that the Bank may contact me by telephone. I agree to accept calls from the Bank at any telephone number that I provide to the Bank.

## SECTION 19:  ADDENDA

I agree to the following attached addenda:

N/A

## SECTION 20:  STATE DISCLOSURES

**Oregon Notice to Borrowers:  Do not sign this Note before you read it. This Note provides for the payment of a penalty if you wish to repay the loan prior to the date provided for repayment in this Note.**

EXHIBIT   1
PAGE   21

EXHIBIT A   PAGE 5 OF 6

**NOTICE TO THE BORROWER:**
**DO NOT SIGN THIS NOTE IF IT CONTAINS BLANK SPACES.  ALL SPACES SHOULD BE COMPLETED BEFORE THIS NOTE IS SIGNED. READ THIS NOTE BEFORE SIGNING IT.**

**ACKNOWLEDGMENT**

I have received, read and retained a copy of this Fixed Rate Loan Note, the Security Instrument and the Truth-in-Lending Disclosure Statement, provided to me at the closing, all of which I agree to by signing this Fixed Rate Loan Note.  If this Loan is secured by a dwelling, I have also received, read and retained a copy of the Agreement to Provide Insurance and the HUD Settlement Statement provided to me at the closing.  In addition, I hereby agree that the terms of this Fixed Rate Loan Note replace the terms of any and all prior oral or written agreements, including by way of example only, commitment letters and pre-approval letters between the Bank and me.

_____ (Seal)    5/24/06
**BORROWER**                                     **DATE SIGNED**
**DARREN A HENDREN**

_____ (Seal)    5/24/06
**BORROWER**                                     **DATE SIGNED**
**DEBORAH A HENDREN**

_____ (Seal)    _____
**BORROWER**                                     **DATE SIGNED**

_____ (Seal)    _____
**BORROWER**                                     **DATE SIGNED**

_____ (Seal)    _____
**BORROWER**                                     **DATE SIGNED**

_____ (Seal)    _____
**BORROWER**                                     **DATE SIGNED**

_____ (Seal)    _____
**BORROWER**                                     **DATE SIGNED**

_____ (Seal)    _____
**BORROWER**                                     **DATE SIGNED**

FRN Multi-state, IICWFN144v19 (01/20/06)                          6/6

Documents Processed 05-22-2006, 17:44:42

EXHIBIT   1
PAGE   22

EXHIBIT A  PAGE 6 OF 6

Case 11-62146-tmb7    Doc 8    Filed 06/17/11

| Reel | Page |
|------|------|
| 2653 | 489 |

## RECORDING COVER SHEET

**ALL TRANSACTIONS, ORS: 205.234**
This cover sheet has been prepared by the person
Presenting the attached instrument for recording.
Any errors in this cover sheet DO NOT affect the
Transaction(s) contained in the instrument itself.

**THIS SPACE RESERVED FOR**
*COUNTY RECORDING USE ONLY*

**AFTER RECORDING RETURN TO:**
P.O. Box 31557 MAC B6908-012
Billings, MT 59107-9900

*Wells Fargo Bank*

**PRINT or TYPE ALL INFORMATION**

The date of this Short Form Line of Credit Deed of Trust ("Security Instrument") is MAY 23, 2006

1) **NAME(S) OF THE TRANSACTION(S) required by ORS 205.234(a)**
   Deed Of Trust

2) **DIRECT PARTY / GRANTOR, required by ORS 205.125(1)(b) and ORS 205.160**

   DARREN A HENDREN

   DEBORAH A HENDREN

3) **INDIRECT PARTY / GRANTEE, required by ORS 205.125(1)(b) and ORS 205.160**
   Wells Fargo Bank, N.A.

4) **TRUE and ACTUAL CONSIDERATION (if any), ORS 93.030**
   $240,000.00

5) **FULL OR PARTIAL SATISFACTION ORDER or WARRANT FILED IN THE COUNTY CLERKS LEIN RECORDS,**
   ORS 205.125(1)(c)

6) **THE AMOUNT OF THE CIVIL PENALTY or THE AMOUNT, INCLUDING PENALTIES, INTEREST AND OTHER**
   CHARGES FOR WHICH THE WARRANT< ORDER OR JUDGMENT WAS ISSUED. ORS 205.125(1)(c) and ORS 18.325

7) Rerecorded to correct _____
   Previously recorded as

ORDEED-short, CDP.V1 (06/2002)

Documents Processed 05-22-2006, 17:44:42

1/5

EXHIBIT ___1___
PAGE ___23___

EXHIBIT 9    PAGE 1 OF 2

Case 11-62146-tmb7    Doc 8    Filed 06/17/11

Until a change is requested, all tax statements shall be
sent to the following address:
DARREN A HENDREN
5515 SERENITY SE SR
SALEM, OREGON 97301

Prepared by:
Wells Fargo Bank, N.A.
LISA WILLIAMS
LOAN PROCESSOR
7600 OFFICE PLAZA DRIVE
WEST DES MOINES, IOWA 50266
888-934-3669

Return Address:
P.O. Box 31557 MAC R6908-012
Billings, MT 59107-9900

TAX ACCOUNT NUMBER
R62001

————State of Oregon————————————Space Above This Line For Recording Data————

# SHORT FORM LINE OF CREDIT DEED OF TRUST
### (With Future Advance Clause)

1.  **DATE AND PARTIES.** The date of this Short Form Line of Credit Deed of Trust ("Security Instrument") is
    **MAY 23, 2006** and the parties are as follows:

    TRUSTOR ("Grantor"):   DARREN A. HENDREN AND DEBORAH A. HENDREN, AS TENANTS BY
    THE ENTIRETY

    whose address is:  5515 SERENITY SE SR, SALEM, OREGON 97301

    TRUSTEE:  Wells Fargo Financial National Bank, c/o Specialized Services, PO Box 31557 Billings, MT
    59107

    BENEFICIARY ("Lender"):  Wells Fargo Bank, N.A., 101 North Phillips Avenue, Sioux Falls, SD 57104

2.  **CONVEYANCE.** For good and valuable consideration, the receipt and sufficiency of which is acknowledged,
    and to secure the Secured Debt (defined below) and Grantor's performance under this Security Instrument,
    Grantor irrevocably grants, conveys and sells to Trustee, in trust for the benefit of Lender, with power of sale, all
    of that certain real property located in the County of **MARION**, State of Oregon, described as follows:
    **SEE ATTACHED EXHIBIT**

    with the address of **5515 SERENITY DR SE, SALEM, OREGON 97301** and parcel number of **R62001**,
    together with all rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, all water and
    riparian rights, ditches, and water stock and all existing and future improvements, structures, fixtures, and
    replacements that may now, or at any time in the future, be part of the real estate described above.

ORDEED-short, CDP.V1 (06/2002)                                                                          2/5

Documents Processed 05-22-2006, 17:44:42

EXHIBIT ___1___          EXHIBIT _8_ PAGE _1_ OF _7_
PAGE     24

Case 11-62146-tmb7   Doc 8   Filed 06/17/11

3. **MAXIMUM OBLIGATION AND SECURED DEBT.** The total amount which this Security Instrument will secure shall not exceed $ 240,000.00 together with all interest thereby accruing, as set forth in the promissory note, revolving line of credit agreement, contract, guaranty or other evidence of debt ("Secured Debt") of even date herewith, and all amendments, extensions, modifications, renewals or other documents which are incorporated by reference into this Security Instrument, now or in the future. The maturity date of the Secured Debt is JUNE 7, 2021.

4. **MASTER FORM LINE OF CREDIT DEED OF TRUST.** By the delivery and execution of this Security Instrument, Grantor agrees that all provisions and sections of the Master Form Line of Credit Deed of Trust ("Master Form"), inclusive, dated February 1, 1997 and recorded on 2/11/1997 as Instrument Number N/A in Book 1371 at Page 671 of the Official Records in the Office of the Recorder of MARION County, State of Oregon, are hereby incorporated into, and shall govern, this Security Instrument.

5. **RIDERS.** If checked, the following are applicable to this Security Instrument. The covenants and agreements of each of the riders checked below are incorporated into and supplement and amend the terms of this Security Instrument.

   [N/A] Third Party Rider

   [N/A] Leasehold Rider

   [N/A] Other:  N/A

**SIGNATURES:** By signing below, Grantor agrees to perform all covenants and duties as set forth in this Security Instrument. Grantor also acknowledges receipt of a copy of this document and a copy of the provisions contained in the previously recorded Master Form (the Deed of Trust-Bank/Customer Copy).

Grantor  DARREN A HENDREN                                      5/24/06
                                                              Date

Grantor  DEBORAH A HENDREN                                     5/24/06
                                                              Date

Grantor                                                        Date

Grantor                                                        Date

Grantor                                                        Date

ORDEED-short, CDP.V1 (06/2002)                                               3/5

Documents Processed 05-22-2006, 17:44:42

EXHIBIT     1
PAGE       25          EXHIBIT  5  PAGE 3 OF 7

_____    _____
Grantor                                                    Date

_____    _____
Grantor                                                    Date

_____    _____
Grantor                                                    Date

EXHIBIT ___1___

PAGE ___26___

ORDEED-short, CDP.V1 (06/2002)

4/5

EXHIBIT __B__ PAGE 4 OF 7

Case 11-62146-tmb7    Doc 8    Filed 06/17/11

**ACKNOWLEDGMENT:**
(Individual)

STATE OF     ~~OREGON~~ NEVADA                    } ss
COUNTY OF    ~~MARION~~ Washoe                    } ss.

This instrument was acknowledged before me on _____ May 24 _____, 20 06 by
DARREN A HENDREN And DEBORAH A HENDREN

_Katie Kent_
(Signature of notarial officer)

_____

Title  NOTARY PUBLIC

My Commission expires: _July 1, 2008_

KATIE KENT
NOTARY PUBLIC
STATE OF NEVADA
APPT. No 04-82834-2
MY APPT. EXPIRES JULY 1, 2008

(Seal)

ORDEED-short, CDP.V1 (06/2002)

5/5

Documents Processed 05-22-2006, 17:44:42

EXHIBIT    1
PAGE       27

EXHIBIT  0  PAGE 5 OF 7

**EXHIBIT "A"**

**LEGAL DESCRIPTION**

Lot 1, Block 4, Tanglewood Estates No. 2, Marion County, Oregon.

**END OF LEGAL DESCRIPTION**



EXHIBIT **8** PAGE **6** OF **7**

Escrow No: 200608715
Title No: 200608715

EXHIBIT ___1___

# REEL:2653          PAGE: 489

## May 30, 2006, 11:45 am.

CONTROL #:  168432

State of Oregon
County of Marion

I hereby certify that the attached
instrument was received and duly
recorded by me in Marion County
records:

FEE: $    51.00

BILL BURGESS
COUNTY CLERK

THIS IS NOT AN INVOICE.

EXHIBIT ___1___
PAGE    _29_

EXHIBIT **B** PAGE **7** OF **7**

16

Reel        Page
3312        366

RECORDING REQUESTED BY

T.D. SERVICE COMPANY

and when recorded mail to

T.D. SERVICE COMPANY
1820 E. FIRST ST., SUITE 210
P.O. BOX 11988
SANTA ANA, CA 92711-1988

_____ Space above this line for recorder's use _____

## OREGON NOTICE OF DEFAULT AND ELECTION TO SELL

T.S. No: F531276 OR    Unit Code: F    Loan No: 0999739584/HENDREN    Investor No:
170378278
AP #1: R62001
Title #: 110431335

Reference is made to that certain Trust Deed made by DARREN A. HENDREN, DEBORAH
A. HENDREN as Grantor, to WELLS FARGO FINANCIAL NATIONAL BANK C/O
SPECIALIZED SERVICES as Trustee, in favor of WELLS FARGO BANK, N.A. as
Beneficiary.

Dated May 23, 2006, Recorded May 30, 2006  as Instr. No. — in Book 2653  Page 489 of
Official Records in the office of the Recorder of MARION County; OREGON

covering the following described property situated in said county and state to wit:
LOT 1, BLOCK 4, TANGLEWOOD ESTATES NO. 2, MARION COUNTY, OREGON.

The street or other common designation if any, of the real property described above is
purported to be:
5515 SERENITY DR SE, SALEM, OR  97301

The undersigned Trustee disclaims any liability for any incorrectness of the above street or
other common designation.

The undersigned CHRISTOPHER C. DORR, OSBA # 992526 hereby certifies that no
assignments
of the Trust Deed by the trustee or by the beneficiary and no appointments of a successor
trustee have been made except as recorded in the mortgage records of the county or counties
in which the above described real property is situated.  Further, that no action has been
instituted to recover the debt, or any part thereof, now remaining secured by the said Trust
Deed, or, if such action has been instituted, such action has been dismissed, except as
permitted by ORS 86-735 (4).

There is a default by the Grantor or other person owing an obligation, the performance of
which is secured by said Trust Deed, or by their successor in interest, with respect to
provisions therein which authorize sale in the event of default of such provisions.  The default
for which foreclosure is made is Grantor's failure to pay when due the following sums:

1-4

EXHIBIT  1
PAGE  30

EXHIBIT C PAGE 1 OF 4

Page 2
T.S. No: F531276 OR    Unit Code: F    Loan No: 0999739584/HENDREN    Investor No:
170378278

14 PYMTS FROM 07/07/10 TO 08/07/11 @ 1,784.66                    $24,985.24

Sub-Total of Amounts in Arrears:                                 $24,985.24


Together with any default in the payment of recurring obligations as they become due.

By reason of said default, the beneficiary has declared all sums owing on the obligation
secured by said Trust Deed immediately due and payable, said sums being the following, to
wit: Principal $233,961.15 together with interest as provided in the note or other instrument
secured from 06/07/10, and such other costs and fees as are due under the note or other
instrument secured, and as are provided by statute.

Notice hereby is given that the beneficiary and trustee, by reason of said default, have elected
and do hereby elect to foreclose said Trust Deed by advertisement and sale pursuant to
Oregon Revised Statutes Section 86.705 to 86.795 and to cause to be sold at public auction to
the highest bidder for cash the interest in the said described property which the Grantor had,
or had the power to convey, at the time of the execution by Grantor of the Trust Deed,
together with any interest the Grantor or his successors in interest acquired after the execution
of the Trust Deed, to satisfy the obligations secured by said Trust Deed and the expenses of
the sale, including the compensations of the trustee as provided by law, and the reasonable
fees of trustee's attorneys.

Said sale will be held at the hour of 10:00 A.M. in accord with the standard of time
established by O.R.S.187.110 on January 3, 2012 at the following place:
ON THE OUTSIDE STEPS OF THE MAIN ENTRANCE TO THE MARION COUNTY
COURTHOUSE , 100 HIGH ST. NE, SALEM , County of MARION, State of Oregon.

Other than as shown of record, neither the said beneficiary or the said trustee has any actual
notice of any person having or claiming to have any lien upon or interest in the real property
hereinabove described subsequent to the interest of the trustee in the Trust Deed, or of any
successor in interest to the grantor or of any lessee or other person in possession of or
occupying the property, except:

NAME AND LAST KNOWN ADDRESS   NATURE OF RIGHT, LIEN OR INTEREST

2-4

EXHIBIT ____1____
PAGE ____31____

EXHIBIT __C__ PAGE _2_ OF _4_

Page 3
T.S. No: F531276 OR     Unit Code: F     Loan No: 0999739584/HENDREN     Investor No:
170378278

Notice is further given that any person named in O.R.S. 86.753 has the right, at any time prior
to five days before the trustee conducts the sale, to have this foreclosure proceeding dismissed
and the Trust Deed reinstated by payment to the beneficiary of the entire amount then due
(other than such portion of the principal as would not then be due had no default occurred)
and by curing any other default complained of herein that is capable of being cured by
tendering the performance required under the obligation of Trust Deed, and in addition to
paying said sums or tendering the performance necessary to cure default, by paying all costs
and expenses actually incurred in enforcing the obligation and Trust Deed, together with
trustee's and attorney's fees not exceeding the amounts provided by O.R.S. 86.753.

In construing this notice, the masculine gender includes the feminine and the neuter, the
singular gender includes the plural, the word "Grantor" includes any successor in interest to
the Grantor as well as any other person owing an obligation, the performance, of which is
secured by said Trust Deed, and the words "trustee" and "beneficiary" include their respective
successors in interest, if any.

The Beneficiary may be attempting to collect a debt and any information obtained may be
used for that purpose.

DATED: August 26, 2011

CHRISTOPHER C. DORR, OSBA # 992526

By
CHRISTOPHER C. DORR, ATTORNEY AT LAW

DIRECT INQUIRIES TO:
T.D. SERVICE COMPANY
FORECLOSURE DEPARTMENT
1820 E. FIRST ST., SUITE 210
P.O. BOX 11988
SANTA ANA, CA 92711-1988
(800) 843-0260

3-4

EXHIBIT   1
PAGE   32

EXHIBIT C PAGE 3 OF 4

**Page 4**
T.S. No: F531276 OR     Unit Code: F     Loan No: 0999739584/HENDREN     Investor No:
170378278

STATE OF _OREGON_
COUNTY OF _MULTNOMAH_                                    )ss

On _8/24/11_ before me, _Lonny D Nielsen_ , a Notary Public in
and for said County and State, personally appeared
_Christopher Ewen_ , who proved to me
on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s)
or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under penalty of perjury under the Laws of the State of _OREGON_ that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

> OFFICIAL SEAL
> LONNY D NIELSEN
> NOTARY PUBLIC  OREGON
> COMMISSION NO. 435201
> MY COMMISSION EXPIRES DEC. 16, 2012

4-4

EXHIBIT     1
PAGE     33

EXHIBIT _C_ PAGE 4 OF 4

**REEL: 3312**          **PAGE: 366**

**August 31, 2011, 02:12 pm.**

CONTROL #:  300298

State of Oregon
County of Marion

I hereby certify that the attached
instrument was received and duly
recorded by me in Marion County
records:

FEE: $    56.00

BILL BURGESS
COUNTY CLERK

THIS IS NOT AN INVOICE.

EXHIBIT ___1___
PAGE ___34___

EXHIBIT____ PAGE__OF__

# THIRD JUDICIAL DISTRICT
# MARION COUNTY CIRCUIT COURT

JUN 0 6 2012

**Read carefully.  If you do not comply with the following, your case will be dismissed.**

Hendren                              v.    Wells

Case Number:  12C16828        Date:  6/1/12

## This case has been assigned to:

❑   Judge Pamela L. Abernethy
(503) 588-5026

❑   Judge Albin W. Norblad
(503) 588-5028

❑   Judge Claudia M. Burton
(503) 584-7713

❑   Judge Joseph V. Ochoa
(503) 588-8484

❑   Judge Don A. Dickey
(503) 373-4445

❑   Judge Dale W. Penn
(503) 588-5492

❑   Judge Dennis J. Graves
(503) 585-4939

❑   Judge Tracy A. Prall
(503) 566-2974

❑   Judge Joseph C. Guimond
(503) 588-5160

❑   Judge Jamese L. Rhoades
(503) 588-7950

❑   Judge Thomas M. Hart
(503) 584-7749

❑   Judge Susan M. Tripp

❑   Judge Mary M. James
(503) 373-4303

❌   Judge Lindsay R. Partridge
(503) 588-5030

*This is a certified true copy of the original*

*Of Attorneys for Pl.*

## If a party served with a summons intends to contest this matter, that party must file a response, or other appearance, as instructed in the summons.

A status conference will be set after the party served has filed an appearance.  All attorneys must appear at the status conference with their calendars.  If parties do not have legal representation, they are to appear at the status conference.

If the Plaintiff has not filed a Return or Acceptance of Service by the 63rd day after the filing of the complaint, the case may be dismissed for want of prosecution 28 days later.  If proof of service is filed by the 91st day from the filing of the complaint, and no default is later filed, the case will be dismissed 119 days from the date of the filing of the complaint.

Follow these instructions carefully and refer to the Uniform Trial Court Rules for further information or clarification.

All correspondence or other communication shall be directed to the assigned Judge at the following address:  Third Judicial District, PO Box 12869, Salem, Oregon 97309-0869.

❌ *Random assignment following the standard procedure.*
❑ *Random assignment at the request of :* _____

EXHIBIT  1
PAGE  35

CIVIL CASE ASSIGNMENT NOTICE – Page 1 of 1                    FC (9/27/10)

This is a certified
true copy of the original

_U.NG_

Of Attorneys for _pe._

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

| | |
|---|---|
| DARREN HENDREN,<br>An individual | ) Case No.: 12C-16828<br>)<br>) TEMPORARY RESTRAINING<br>) ORDER AND ORDER TO<br>) SHOW CAUSE WHY<br>) PRELIMINARY INJUNCTION<br>) SHOULD NOT BE ENTERED |
|                Plaintiffs, | |
| And | |
| WELLS FARGO BANK, N.A.,<br>a national banking association; WELLS<br>FARGO HOME MORTGAGE, INC.; T.D.<br>SERVICE FINANCIAL CORPORATION, a<br>foreign business corporation, and<br>CHRISTOPHER DORR, an individual. | |
|                Defendants. | |

     Plaintiff's motion for temporary restraining order and order to show cause why a preliminary injunction should not be entered came before the court ex parte on June 1, 2012.

     Based on the record, including ORCP 79 and the verified complaint filed herein, the Court finds:

     Defendants have scheduled a non-judicial foreclosure sale of Plaintiffs personal residence on June 4, 2012, at 10:00 a.m. If Defendants are not immediately restrained from non-judicially foreclosing on Plaintiff's personal residence, Plaintiff will suffer immediate and irreparable injury, loss, or damage in the form of the loss of his personal residence.

Page 1- TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY
       PRELIMINARY INJUNCTION  SHOULD NOT BE ENTERED

FETHERSTON EDMONDS, LLP
ATTORNEYS
960 Liberty Street SE, Ste. 110 · P.O. Box 2206
Salem, OR 97308-2206
(503) 581-1542 Fax (503) 585-3978

EXHIBIT   1

PAGE   36

Plaintiff's attorney has made reasonable efforts to notify Defendants and/or their legal counsel of the motion.

This Order should be entered without actual notice because Defendants have either been non-responsive or unwilling to postpone the sale.

NOW THEREFORE, it is hereby ORDERED as follows:

1. Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this order, by personal service or otherwise, are directed not to conduct a non-judicial foreclosure sale of Plaintiffs personal residence at <u>5515 SERENITY DRIVE SE, SALEM, MARION COUNTY, OREGON</u>, and further described as follows:

   LOT 1, BLOCK 4, TANGLEWOOD ESTATES No.2, MARION COUNTY, OREGON

2. Defendants shall appear before this Court by way of an Answer in writing to be filed within ten (10) days from the date of personal service of the Order or, if served by mail, within 13 days from the date of mailing of the Order. Defendants' Answer shall show cause, if any there be, why the activity described above should not continue to be restrained during the pendency of this action.

///// 
///// 
///// 
///// 

Page 2- TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT BE ENTERED

EXHIBIT ___1___
PAGE ___37___

3.    If Defendants fail to file a written answer as required by this Order, then the Order restraining the conduct in Paragraph 1 shall remain in effect until the conclusion of the underlying action.

DATED this 1st day of June, 2012.

/s/ Dennis J. Graves
Marion County Circuit Court Judge

SUBMITTED BY:
Christopher B. Matheny, OSB #023843
Attorney for Plaintiffs
Fetherston Edmonds LLP
960 Liberty Street SE, Suite 110
Salem, OR 97308
Telephone: 503-581-1542
Facsimile: 503-585-3978
Email: cmatheny@fetherstonedmonds.com

Page 3- TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY
PRELIMINARY INJUNCTION SHOULD NOT BE ENTERED

EXHIBIT 1
PAGE 38



This is a certified
true copy of the original

*[signature]*

Of Attorneys for *pl.*

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MARION

DARREN HENDREN,
An individual

    Plaintiffs,

And

WELLS FARGO BANK, N.A.,
a national banking association; WELLS
FARGO HOME MORTGAGE, INC.; T.D.
SERVICE FINANCIAL CORPORATION, a
foreign business corporation, and
CHRISTOPHER DORR, an individual.

    Defendants.

Case No.: 12C - 16828

PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER AND ORDER TO
SHOW CAUSE WHY PRELIMINARY
INJUNCTION SHOULD NOT BE
ENTERED

Plaintiff Darren Hendren, by and through his attorney, Christopher B. Matheny of Fetherston Edmonds, LLP, hereby submits this motion:

1.

Plaintiff moves the Court for an order temporarily restraining Defendants from conducting a non-judicial foreclosure sale on Plaintiff's personal residence on the grounds that there are issues in dispute regarding Defendants's ability to conduct said non-judicial foreclosure sale. If such sale does occur, it will cause immediate and irreparable injury to Plaintiff in the form of Plaintiff losing ownership of his personal residence.

////

Page 1- PLAINTIFFS MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER
TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER

EXHIBIT    1

PAGE    39

2.

The foreclosure sale is set to occur on **Monday, June 4, 2012, at 10:00 a.m.**.

3.

Pursuant to ORCP 79B(1), entering a temporary restraining without notice to Defendants is appropriate because failure to do so will result in immediate and irreparable injury, loss and damage to Plaintiff.  Furthermore, postponing the non-judicial foreclosure sale for an indefinite amount of time will not materially harm Defendants.

4.

Plaintiff's counsel has attempted to contact Defendants in advance of this motion. Plaintiff's counsel's attempts include by are not exclusive to:

(A)     Sending a fax to Defendant Wells Fargo account representative Holly Caldwell via fax on June 1, 2012 at approximately 9:00 am.  A copy is attached hereto as Exhibit A;

(B)     Speaking with Ms. Caldwell via telephone on June 1, 2012;

(C)     Speaking with TD Services via telephone on June 1, 2012; and

(D)     Sending a fax to Defendant TD Services per their request.  A copy is attached hereto as Exhibit B.

The Order should be entered because Defendants have either been non-responsive or unwilling to postpone the sale.

5.

By granting the Order, the status quo will be maintained during the pendency of the underlying action, and Plaintiff will not lose his interest in his personal residence.

6.

Plaintiff further moves the Court for an order requiring Defendants to show cause, if any there be, why the order requested above should not continue and remain in effect during the pendency of this action.

Page 2- PLAINTIFFS MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER

PETHERSTON EDMONDS, LLP
ATTORNEYS
960 Liberty Street SE, Ste. 110 · P.O. Box 2206
Salem, OR 97308-2206
(503) 581-1542 Fax (503) 585-3978

EXHIBIT    1

PAGE    40

1

2

7.

3      In support of this Motion, Plaintiff relies on the Complaint filed with the Court, the

4  Declaration of Christopher Matheny in support of this Motion, and ORCP 79.

5      Dated this 1st day of June, 2012.

6

7                              FETHERSTON EDMONDS, LLP

8                              _____

9                              Christopher B. Matheny, OSB #023843
                               Of Attorney for Plaintiffs
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 3- PLAINTIFFS MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER
       TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER

EXHIBIT    1
PAGE       41

# FETHERSTON EDMONDS, LLP
## ATTORNEYS

Ben C. Fetherston, Jr.*
James C. Edmonds, P.C.
Steven M. Lippold, P.C.*
Jeffrey A. Trautman
Christopher B. Matheny†

*Also admitted to practice in Washington
†Of Counsel

Direct Dial (503) 485-7219
e-mail cmatheny@fetherstonedmonds.com

June 1, 2012

960 Liberty Street SE, Suite 110
P.O. Box 2206
Salem, Oregon 97308-2206
Main (503) 581-1542
Fax (503) 585-3978

Formerly Clark, Lindauer, Fetherston,
Edmonds, Lippold & Collier

**VIA FACSIMILE ONLY**
866-834-7850

Holly Caldwell
Wells Fargo Bank, N.A.
Home Preservation Department
101 North Philips Avenue
Sioux Falls, SD 57104

| Re: | My Client: | Darren A. Hendren |
|---|---|---|
| | Property Address: | 5515 Serenity Drive SE, Salem, OR 97317 |
| | Wells Fargo Loan #: | 0999739584 / Hendren |
| | My File No.: | 80951 |

### DEMAND TO POSTPONE SALE

EXHIBIT ___1___
PAGE ___42___

Dear Holly:

I write to follow-up our phone conversation on May 31, 2012 at approximately 5:20 pm PST. In that conversation, you notified me for the first time that my client, Darren Hendren, had been denied a loan modification. Furthermore, you stated that the non-judicial foreclosure sale schedule for Monday, June 4, 2012, would be going forward as planned and that it could not be delayed. This was a shock to my client since we had been told the last month that everything was on track and looked good.

I hereby demand on behalf of my client that the sale be postponed so Mr. Hendren can explore other options. If Wells Fargo by and through its trustee conducts the sale on Monday, it will be in violation of Oregon Administrative Rule 137-020-0805 and Oregon's Unlawful Trade Practices Act. OAR 137-020-0805(5)(d) prohibits you from conducting the non-judicial sale less than 20 days from the date Mr. Hendren was notified of the loan modification denial. Last night was the first either my client or I learned of the denial. Additionally, you confirmed that written confirmation of the denial has not yet been sent.

The unreasonable short notice Wells Fargo has provided will affect my client dramatically and cause him to lose his home. The short turnaround has also prevented my client from the following:

1. Verifying if Wells Fargo's denial of the loan modification was in fact correct and done in good faith. I would point out that the loan servicer on the first loan, Chase, has approved Mr. Hendren for a loan modification. He is scheduled to make his third and final payment under the trial modification plan next week.

EXHIBIT _A_ PAGE _ OF 3

Holly Caldwell
June 1, 2012
Page 2

2. Having Wells Fargo re-consider Mr. Hendren for loan modification with additional income and/or borrowers. For example, Mr. Hendren does have a significant other who is living in the home and would be willing to co-sign on a new loan via a loan modification.
3. Securing a new loan through a third party lender; or
4. Curing the default.

**Please confirm before 1:00 pm PST today that the sale has been postponed.** If not, I will file a complaint against Wells Fargo and request an injunction from the Marion County Circuit Court to postpone the sale indefinitely. I will be seeking damages on behalf of Mr. Hendren as well as his attorney fees and costs incurred.

I look forward to hearing from you.

Sincerely,

Christopher B. Matheny

CBM:tcp
cc:    Darren Hendren

TX Result Report

P 1
06/01/2012 07:18
Serial No.  A00J010005757
TC:      642482

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 18668347850 | 06-01 07:16 | 00:01:36 | 002/002 | OK | |

Note    TMR: Timer TX, POL: Polling, ORG: Original Size Setting, FRE: Frame Erase TX.
MIX: Mixed Original TX, CALL: Manual TX, CSRC: CSRC, FWD: Forward, PC: PC-Fax,
DBD: Double-Sided Binding Direction, SP: Special Original, FCODE: F-Code, RTX: Re-TX,
RLY: Relay, NXT: Next confidential, BUL: Bulletin, SIP: SIP Fax, IPADR: IP Address Fax,
I-FAX: Internet Fax

Result    OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
Refuse: Receipt Refused, Busy: Busy, N-Full:Memory Full,
LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error,
DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

## FETHERSTON EDMONDS, LLP
### ATTORNEYS

Ben C. Fetherston, Jr.*
James C. Edmonds, P.C.*
Steven M. Lippold, P.C.*
Jeffrey A. Trueman
Christopher B. Matheny*

*Also admitted to practice in Washington
*Of Counsel

Direct Dial (503) 485-7219
e-mail cmatheny@fetherstonedmonds.com

940 Liberty Street SE, Suite 110
P.O. Box 2206
Salem, Oregon 97308-2206
Main (503) 581-1542
Fax (503) 585-2973

Formerly Clark, Lindauer, Fetherston,
Edmonds, Lippold & Center

June 1, 2012

**VIA FACSIMILE ONLY**
866-834-7850

Holly Caldwell
Wells Fargo Bank, N.A.
Home Preservation Department
101 North Philips Avenue
Sioux Falls, SD 57104

EXHIBIT  1
PAGE  44

Re:    My Client:           Darren A. Hendren
       Property Address:    5515 Serenity Drive SE, Salem, OR 97317
       Wells Fargo Loan #:  0999739584 / Hendren
       My File No.:         80951

### DEMAND TO POSTPONE SALE

Dear Holly:

I write to follow-up our phone conversation on May 31, 2012 at approximately 5:20 pm PST. In that conversation, you notified me for the first time that my client, Darren Hendren, had been denied a loan modification. Furthermore, you stated that the non-judicial foreclosure sale schedule for Monday, June 4, 2012, would be going forward as planned and that it could not be delayed. This was a shock to my client since we had been told the last month that everything was on track and looked good.

I hereby demand on behalf of my client that the sale be postponed so Mr. Hendren can explore other options. If Wells Fargo by and through its trustee conducts the sale on Monday, it will be in violation of Oregon Administrative Rule 137-020-0805 and Oregon's Unlawful Trade Practices Act. OAR 137-020-0805(5)(d) prohibits you from conducting the non-judicial sale less than 20 days from the date Mr. Hendren was notified of the loan modification denial. Last night was the first either my client or I learned of the denial. Additionally, you confirmed that written confirmation of the denial has not yet been sent.

The unreasonable short notice Wells Fargo has provided will affect my client dramatically and cause him to lose his home. The short turnaround has also prevented my client from the following:

1.   Verifying if Wells Fargo's denial of the loan modification was in fact correct and done in good faith. I would point out that the loan servicer on the first loan, Chase, has approved Mr. Hendren for a loan modification. He is scheduled to make his third

EXHIBIT A PAGE 3 OF 3

# FETHERSTON EDMONDS, LLP
## ATTORNEYS

Ben C. Fetherston, Jr.*
James C. Edmonds, P.C.
Steven M. Lippold, P.C.*
Jeffrey A. Trautman
Christopher B. Matheny†

*Also admitted to practice in Washington
†Of Counsel

Direct Dial (503) 485-7219
e-mail cmatheny@fetherstonedmonds.com

960 Liberty Street SE, Suite 110
P.O. Box 2206
Salem, Oregon 97308-2206
Main (503) 581-1542
Fax (503) 585-3978

Formerly Clark, Lindauer, Fetherston,
Edmonds, Lippold & Collins

June 1, 2012

**VIA FACSIMILE ONLY TO 714-541-3903**

TD Services

Re:  My Client:       Darren A. Hendren
     Property Address: 5515 Serenity Drive SE, Salem, OR 97317
     Wells Fargo Loan #: 0999739584 / Hendren
     TS#:             531276
     My File No.:     80951

### DEMAND TO POSTPONE SALE

Dear TD Services:

    This follows my phone conversation just now with Esther. Enclosed, please find a copy of the letter I sent to Wells Fargo this morning demanding that Monday's foreclosure sale be postponed. Wells Fargo as informed me that there is nothing they can do and that I am to speak with you. Also enclosed is a copy of the Oregon Administrative Rules referenced in the letter.

    Please advise immediately as to the status of Monday's sale. I look forward to hearing from you.

Sincerely,

Christopher B. Matheny

CBM:tcp
cc:  Darren Hendren

EXHIBIT 1
PAGE 45

EXHIBIT B PAGE 1 OF 8

# FETHERSTON EDMONDS, LLP
## ATTORNEYS

Ben C. Fetherston, Jr.*
James C. Edmonds, P.C.
Steven M. Lippold, P.C.*
Jeffrey A. Trautman
Christopher B. Mathcyt†

*Also admitted to practice in Washington
†Of Counsel

Direct Dial (503) 485-7219
e-mail cmathcyt@fetherstonedmonds.com

June 1, 2012

960 Liberty Street SE, Suite 110
P.O. Box 2206
Salem, Oregon 97308-2206
Main (503) 581-1542
Fax (503) 585-2978

Formerly Clark, Lindauer, Fetherston,
Edmonds, Lippold & Collier

**VIA FACSIMILE ONLY**
866-834-7850

Holly Caldwell
Wells Fargo Bank, N.A.
Home Preservation Department
101 North Philips Avenue
Sioux Falls, SD 57104

Re:     My Client:          Darren A. Hendren
        Property Address:   5515 Serenity Drive SE, Salem, OR 97317
        Wells Fargo Loan #: 0999739584 / Hendren
        My File No.:        80951

## DEMAND TO POSTPONE SALE

EXHIBIT ___1___
PAGE ___46___

Dear Holly:

I write to follow-up our phone conversation on May 31, 2012 at approximately 5:20 pm PST. In that conversation, you notified me for the first time that my client, Darren Hendren, had been denied a loan modification. Furthermore, you stated that the non-judicial foreclosure sale schedule for Monday, June 4, 2012, would be going forward as planned and that it could not be delayed. This was a shock to my client since we had been told the last month that everything was on track and looked good.

I hereby demand on behalf of my client that the sale be postponed so Mr. Hendren can explore other options. If Wells Fargo by and through its trustee conducts the sale on Monday, it will be in violation of Oregon Administrative Rule 137-020-0805 and Oregon's Unlawful Trade Practices Act. OAR 137-020-0805(5)(d) prohibits you from conducting the non-judicial sale less than 20 days from the date Mr. Hendren was notified of the loan modification denial. Last night was the first either my client or I learned of the denial. Additionally, you confirmed that written confirmation of the denial has not yet been sent.

The unreasonable short notice Wells Fargo has provided will affect my client dramatically and cause him to lose his home. The short turnaround has also prevented my client from the following:

1.  Verifying if Wells Fargo's denial of the loan modification was in fact correct and done in good faith. I would point out that the loan servicer on the first loan, Chase, has approved Mr. Hendren for a loan modification. He is scheduled to make his third and final payment under the trial modification plan next week.

EXHIBIT 4  PAGE 2 OF 9

Holly Caldwell
June 1, 2012
Page 2

2. Having Wells Fargo re-consider Mr. Hendren for loan modification with additional income and/or borrowers. For example, Mr. Hendren does have a significant other who is living in the home and would be willing to co-sign on a new loan via a loan modification.

3. Securing a new loan through a third party lender; or

4. Curing the default.

**Please confirm before 1:00 pm PST today that the sale has been postponed.** If not, I will file a complaint against Wells Fargo and request an injunction from the Marion County Circuit Court to postpone the sale indefinitely. I will be seeking damages on behalf of Mr. Hendren as well as his attorney fees and costs incurred.

I look forward to hearing from you.

Sincerely,

Christopher B. Matheny

CBM:tcp
cc:    Darren Hendren

EXHIBIT  1
PAGE  47

EXHIBIT  6  PAGE 3 OF 8



On-Line Bidder Information

Back to Search    Print this page    Add to My Property List    View My Properties

Numeric TS #: 531276
Full TS#: F 531276 F
TAC # 949503
APN/Parcel #: R62001
Property Address: 5515 SERENITY DR SE , SALEM, OR 97301-0000    Yahoo RealEstate

## File Status

Current Status: Has been postponed

| | |
|---|---|
| Postponed to: 6/4/2012 | Sale State: **OR** |
| Sale time: 10:00 AM | Sale County: **MARION** |
| Reason for postponement: MUTUAL AGREEMENT | Sale Location: **ON THE OUTSIDE STEPS OF THE MAIN ENTRANCE TO THE MARION COUNTY COURTHOUSE , 100 HIGH ST. NE, SALEM** |

Contact: Contact the foreclosure dept of the beneficiary or servicer at:
Phone #: (651) 234-3500
Loan #: 0999739584

Map, Property Photo and Directions:



Property photos are not available for every address

NOTE: Don't rely on the address shown within the photo. It is only an approximation by Google. The photo shown is usually the property you searched, if available.

Map data ©2012 Google -

EXHIBIT    1
PAGE    48

EXHIBIT **6**    PAGE **4** OF **8**

Mortgage Loan Servicing

**137-020-0800**

**Mortgage Loan Servicing**

EXHIBIT _____1_____

PAGE _____49_____

(1) Purpose: The purpose of this rule is to declare as unfair or deceptive in trade or commerce certain practices relating to the servicing of a residential mortgage loan.

(2) Authority: This rule is adopted pursuant to ORS Chapter 183 on authority granted to the Attorney General by ORS 646.608(1)(u) and (4) and Oregon Laws 2010, chapter 94, section 6(3) (Special Session).

(3) Effective Date: January 27, 2012.

(4) Definitions: As used in this rule:

(a) "Borrower" means an individual who is obligated to repay a loan under a residential mortgage loan agreement, and includes the individual's spouse, domestic partner, and heirs;

(b) "Good faith" means honesty in fact and the observance of reasonable standards of fair dealing;

(c) "Mortgage loan servicer" means a person engaging in the servicing of residential mortgage loans in this state and includes a person who makes or holds a mortgage loan if the person is the holder of the mortgage servicing rights or has been delegated servicing functions for the mortgage loan;

(d) "Residential mortgage loan" means a loan to a natural person made primarily for personal, family or household use, secured by a mortgage or other consensual security interest on residential real property located in this state;

(e) "Servicing of residential mortgage loans" includes, but is not limited to:

(A) Collecting or remitting, or having the right or obligation to collect or remit, for a lender, note owner, note holder or other holder of an interest in a note, payments, interest, principal and trust items, including but not limited to hazard insurance and taxes, on a residential mortgage loan in accordance with the terms of the loan, and includes loan payment follow-up, delinquency loan follow-up, loan analysis and any notifications to the borrower that are necessary to enable the borrower to keep the loan current and in good standing;

(B) Bringing and maintaining a suit or action to collect amounts owed on a residential mortgage loan, including but not limited to exercising contractual, statutory or common law remedies such as injunction, specific performance, judicial or nonjudicial foreclosure or receivership; and,

(C) Taking action for the purpose of protecting the lender's, note owner's, note holder's or other owner of an interest in the note's interest in the property and rights under the security instrument. "Servicing of residential mortgage loans" does not include the activities of any person licensed or authorized to act as an attorney, escrow agent, title company, or title insurer under Oregon law, or any person qualified to serve as a trustee under ORS 86.790.

(f) "Person" has the meaning provided in ORS 646.605(4); and,

(g) "Residential real property" means real property located in this state improved by a one-to-four family residence or residential unit in a building used or occupied, or intended to be used or occupied, wholly or partly, as the primary residence of the borrower, but shall not refer to unimproved real property upon which such dwellings are to be constructed.

(5) Prohibited Conduct: A mortgage loan servicer engages in unfair or deceptive conduct in trade or commerce if the mortgage loan servicer:

(a) Assesses a late fee or delinquency charge for a payment received from a borrower by the payment's due date or within any applicable grace period;

(b) Assesses or collects any default-related fee or charge that the servicer is not legally authorized to assess or collect under

EXHIBIT ___1___ PAGE __5__OF__9__

the terms of the residential mortgage loan, deed of trust, or mortgage;

(c) Fails to follow the guidelines issued by the Federal Home Financing Agency for loans made or held by government sponsored enterprises for borrowers pursuing an alternative to foreclosure;

(d) Misrepresents to a borrower any material information regarding a loan modification;

(e) Misrepresents any information set forth in an affidavit, declaration, or other sworn statement detailing a borrower's default and the servicer's right to foreclose;

(f) Fails to provide a borrower with notice that the borrower's request for loan modification has been denied or rejected within 10 days of the denial or rejection, but in no event, less than 20 days before a scheduled trustee sale;

(g) Fails to comply with the requirements of 12 USC 2605(b), 12 USC 2605(c), 12 USC 2605(d), or 12 USC 2605(e); and,

(h) Fails to deal with a borrower in good faith.

Stat. Auth.: ORS 183, 646
Stats. Implemented.: ORS 646.608(1)(u)
Hist.: DOJ 2-2012(Temp), f. & cert. ef. 1-27-12 thru 7-24-12; Suspended by DOJ 4-2012(Temp), f. & cert. ef. 2-15-12 thru 7-24-12

### 137-020-0805

### Mortgage Loan Servicing

(1) Purpose: The purpose of this rule is to declare as unfair or deceptive in trade or commerce certain practices relating to the servicing of a residential mortgage loan.

(2) Authority: This rule is adopted pursuant to ORS Chapter 183 on authority granted to the Attorney General by ORS 646.608(1)(u) and (4) and Oregon Laws 2010, chapter 94, section 6(3) (Special Session).

(3) Effective Date: February 15, 2012.

(4) Definitions: As used in this rule:

EXHIBIT ___1___
PAGE ___50___

(a) "Borrower" means an individual who is obligated to repay a loan under a residential mortgage loan agreement, and includes the individual's spouse, domestic partner, and heirs;

(b) "Good faith" means honesty in fact and the observance of reasonable standards of fair dealing;

(c) "Mortgage loan servicer" means a person engaging in the servicing of residential mortgage loans in this state and includes a person who makes or holds a mortgage loan if the person is the holder of the mortgage servicing rights or has been delegated servicing functions for the mortgage loan;

(d) "Residential mortgage loan" means a loan to a natural person made primarily for personal, family or household use, other than a loan for open-end credit, as that term is defined in 12 CFR 1026.2(20), as in effect on December 30, 2011, secured by a mortgage or other consensual security interest on residential real property located in this state;

(e) "Servicing of residential mortgage loans" includes, but is not limited to:

(A) Collecting or remitting, or having the right or obligation to collect or remit, for a lender, note owner, note holder or other holder of an interest in a note, payments, interest, principal and trust items, including but not limited to hazard insurance and taxes, on a residential mortgage loan in accordance with the terms of the loan, and includes loan payment follow-up, delinquency loan follow-up, loan analysis and any notifications to the borrower that are necessary to enable the borrower to keep the loan current and in good standing;

(B) Bringing and maintaining a suit or action to collect amounts owed on a residential mortgage loan, including but not limited to exercising contractual, statutory or common law remedies such as injunction, specific performance, judicial or nonjudicial foreclosure or receivership; and,

(C) Taking action for the purpose of protecting the lender's, note owner's, note holder's or other owner of an interest in the note's interest in the property and rights under the security instrument. "Servicing of residential mortgage loans" does not include the activities of any person licensed or authorized to act as an attorney, escrow agent, title company, or title insurer under Oregon law, or any person qualified to serve as a trustee under ORS 86.790.

EXHIBIT 2 PAGE 6 OF 8

(f) "Person" has the meaning provided in ORS 646.605(4); and,

(g) "Residential real property" means real property located in this state improved by a one-to-four family residence or residential unit in a building used or occupied, or intended to be used or occupied, wholly or partly, as the primary residence of the borrower, but shall not refer to unimproved real property upon which such dwellings are to be constructed.

(5) Prohibited Conduct: A mortgage loan servicer engages in unfair or deceptive conduct in trade or commerce if the mortgage loan servicer:

(a) Assesses a late fee or delinquency charge for a payment received from a borrower by the payment's due date or within any applicable grace period;

(b) Assesses or collects any default-related fee or charge that the servicer is not legally authorized to assess or collect under the terms of the residential mortgage loan, deed of trust, or mortgage;

(c) Misrepresents to a borrower any material information regarding a loan modification;

(d) Misrepresents any information set forth in an affidavit, declaration, or other sworn statement detailing a borrower's default and the servicer's right to foreclose;

(e) Fails to provide a borrower with notice that the borrower's request for loan modification has been denied or rejected within 10 days of the denial or rejection, but in no event, less than 20 days before a scheduled trustee sale;

(f) Fails to comply with the requirements of 12 USC 2605(b), 12 USC 2605(c), 12 USC 2605(d), or 12 USC 2605(e), as in effect on January 1, 2012; and,

(g) Fails to deal with a borrower in good faith.

Stat. Auth.: ORS 183 & 646
Stats. Implemented.: ORS 646.608(1)(u)
Hist.: DOJ 4-2012(Temp), f. & cert. ef. 2-15-12 thru 7-24-12

EXHIBIT ____1____
PAGE ____51____

EXHIBIT **5** PAGE **7** OF **8**

TX Result Report

P 1
06/01/2012 12:49
Serial No.  A00J010005757
TC:  642655

| Destination | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 17145413903 | 06-01 12:47 | 00:01:53 | 007/007 | OK | |

Note  TMR: Timer TX, POL: Polling, ORG: Original Size Setting, FME: Frame Erase TX,
MIX: Mixed Original, TU: CALL, Manual TX, CSRC: CSRC Code, FCODE: F-Code, PC: PC Fax,
MBX: Double-Sided Binding Direction, SEC: Special Original, FORWD: Forward, RTX: Re-TX,
RLY: Relay, MBX: Confidential, BUL: Bulletin, SIP: SIP Fax, IPADR: IP Address Fax,
I-FAX: Internet Fax

Result  OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
TEL: RX from TEL, NG: Other Error, Cont: Continue, No Ans: No Answer,
Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full,
LOVR:Receiving length Over, POVER:Receiving page Over, FIL:File Error,
DC:Decode Error, MDN:MDN Response Error, DSN:DSN Response Error.

## FETHERSTON EDMONDS, LLP
### ATTORNEYS

Ben C. Fetherston, Jr.*
James C. Edmonds, P.C.
Steven M. Lippold, P.C.*
Jeffrey A. Tennyson
Christopher B. Matheny†

*Also admitted to practice in Washington
†Of Counsel

Direct Dial (503) 485-7239
e-mail cmatheny@fetherstonedmonds.com

940 Liberty Street SE, Suite 110
P.O. Box 3286
Salem, Oregon 97302-3286
Main (503) 581-1542
Fax (503) 585-2975

Formerly Clark, Lindauer, Fetherston,
Edmonds, Lippold & Collins

June 1, 2012

**VIA FACSIMILE ONLY TO 714-541-3903**

**TD Services**

Re:  My Client:        Darren A. Hendren
     Property Address:  5515 Serenity Drive SE, Salem, OR 97317
     Wells Fargo Loan #: 0999739584 / Hendren
     TS#:              531276
     My File No.:       80951

### DEMAND TO POSTPONE SALE

Dear TD Services:

    This follows my phone conversation just now with Esther.  Enclosed, please find a copy of the letter I sent to Wells Fargo this morning demanding that Monday's foreclosure sale be postponed.  Wells Fargo as informed me that there is nothing they can do and that I am to speak with you.  Also enclosed is a copy of the Oregon Administrative Rules referenced in the letter.

    Please advise immediately as to the status of Monday's sale. I look forward to hearing from you.

                                          Sincerely,

                                          Christopher B. Matheny

CBM:tcp
cc:  Darren Hendren

EXHIBIT ____1____
PAGE ____52____

EXHIBIT ___D___ PAGE _8_ OF _8_

This is a certified
true copy of the original

*[signature]*

Of Attorneys for *pe~*

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF Marion

| | |
|---|---|
| DARREN HENDREN,<br>An individual | ) Case No.: 12C - 16828<br>)<br>) DECLARATION OF CHRISTOPHER B.<br>) MATHENY IN SUPPORT OF PLAINTIFFS<br>) MOTION FOR TEMPORARY RESTRAINING<br>) ORDER AND ORDER TO SHOW CAUSE WHY<br>) PRELIMINARY INJUNCTION SHOULD NOT<br>) ENTER |
| Plaintiffs, | |
| And | |
| WELLS FARGO BANK, N.A.,<br>a national banking association; WELLS<br>FARGO HOME MORTGAGE, INC.; T.D.<br>SERVICE FINANCIAL CORPORATION, a<br>foreign business corporation, and<br>CHRISTOPHER DORR, an individual. | |
| Defendants. | |

1.    I, Christopher B. Matheny, am of counsel with Fetherston Edmonds, LLP, and I am the attorney of record for Plaintiff in the above-referenced matter. I have personal knowledge of the facts set forth herein. I make this Declaration in support of Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Be Entered.

2.    Based upon the records available with the Marion County Recorder, a Bargain and Sale Deed was recorded granting Plaintiff legal title to a personal residence commonly known as 5515 Serenity Drive, Salem, Marion County, Oregon.   Plaintiff took title to the personal residence with his former wife, Deborah Hendren.  Mrs. Hendren conveyed any and all

Page 1- DECLARATION OF CHRISTOPHER B. MATHENY

EXHIBIT   1
PAGE   53



interest in the said Personal Residence to Plaintiff via a Quit Claim Deed recorded on January 9, 2012.

3.    Based upon public information currently available, Defendants Christopher Dorr and/or TD Service Financial Corporation, by and through its agents and/o subsidiaries, will conduct a non-judicial foreclosure sale on June 4, 2012, at 10:00 a.m.

4.    On May 31, 2012 at approximately 5:20 p.m., I was notified by phone by Defendant Wells Fargo representative that Plaintiff's loan modification was denied and that the non-judicial foreclosure sale would occur on June 4, 2012.

5.    I have attempted to work with the Defendants prior to filing the underlying Complaint in this matter as well as this Motion seeking a restraining order.  I contacted the Defendants including but not limited to the following:

(A)    Sending a facsimile to Defendant Wells Fargo on the morning of June 1, 2012 at approximately 9:00 am.

(B)    Following up with Ms. Holly Caldwell of Wells Fargo via telephone regarding the status of the sale and seeking a response to my facsimile. Ms. Caldwell informed me that there was nothing she or Wells Fargo could do and that I was to speak with TD Services at (800)843-0260.

(C)    Per the instruction of Ms. Caldwell, I called and spoke with Esther with TD Services. I asked for clarification of the sale date. I also asked for the appropriate manager or counsel to address my concerns over the sale taking place on Monday, June 4. Esther instructed me to send the applicable Oregon law and fax it to TD Service. Esther stated that the responsible person would get back to me. As of the time of this Declaration, no one has responded.

6.    As of the date of this Declaration, the foreclosure sale is still scheduled to occur on June 4, 2012.

/////

Page 2- DECLARATION OF CHRISTOPHER B. MATHENY

FETHERSTON EDMONDS, LLP
ATTORNEYS
960 Liberty Street SE, Ste. 110 · P.O. Box 2206
Salem, OR 97308-2206

EXHIBIT ___1___
PAGE ___54___

7.    I declare that the above statements are true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

Dated this 1ˢᵗ day of June, 2012.

FETHERSTON EDMONDS, LLP

/s/ CHRISTOPHER B. MATHENY

Christopher B. Matheny, OSB #023843
Of Attorney for Plaintiff

Page 3- DECLARATION OF CHRISTOPHER B. MATHENY
FETHERSTON EDMONDS, LLP
ATTORNEYS
960 Liberty Street SE, Ste. 110 · P.O. Box 2206
Salem, OR 97308-2206
(503) 581-1542 Fax (503) 585-2078

EXHIBIT    1
PAGE    55

1

2

3

4                     IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                            FOR THE COUNTY OF MARION

6    DARREN HENDREN,                          )
        An individual,                        )
7                                             )    Case No. 12C16828
                            Plaintiff,        )
8                                             )    NOTICE OF FILING OF REMOVAL TO
         vs.                                  )    FEDERAL COURT
9                                             )
     WELLS FARGO BANK, N.A., a national       )
10   banking association; WELLS FARGO HOME     )
     MORTGAGE, INC.; T.D. SERVICE             )
11   FINANCIAL CORPORATION, a foreign         )
     business corporation, and CHRISTOPHER    )
12   DORR, an individual,                     )
                                              )
13                          Defendants.       )
                                              )
14   _____

15   To:    Clerk of the Marion County Circuit Court

16          Defendants hereby advise the Clerk of this Court that the above-captioned case has been

17   removed to the United States District Court for the District of Oregon, Eugene Division.  A true

18   and correct copy of the underlying Notice of Removal is attached hereto as Exhibit 1 for lodging

19   in the Court's filing of this matter.

20          Furthermore, pursuant to 28 U.S.C. § 1446(d), this matter shall proceed no further unless

21   and until the case is remanded to this Court by the United States District Court.

22          DATED:  July 13 , 2012

23                                           LANE POWELL PC

24                                           By Kristen Tranetzki
                                                Pilar C. French, OSB No. 962880
25                                              Kristen L. Tranetzki, OSB No. 115730
                                                docketing-pdx@lanepowell.com
26                                              Attorneys for Wells Fargo Bank, N.A. and Wells
                                                Fargo Home Mortgage, Inc.

PAGE 1 -   NOTICE OF FILING OF REMOVAL TO FEDERAL COURT

                                                              EXHIBIT  2

                                                              PAGE  1

1          **CERTIFICATE OF SERVICE**

2          I hereby certify that on July 13, 2012, I caused to be served a copy of the foregoing

3   NOTICE OF FILING OF REMOVAL TO FEDERAL COURT on the following person(s) in the

4   manner indicated below at the following address(es):

5   Christopher B. Matheny, Esq.
    Fetherston Edmonds LLP
6   960 Liberty Street SE, Suite 110
    Salem, OR  97302-4165
7   Facsimile:  503.585.3978
8   E-Mail:  cmatheny@fetherstonedmonds.com

9
       ☐   **by CM/ECF**
10     ☐   **by Electronic Mail**
       ☐   **by Facsimile Transmission**
11     ☐   **by First Class Mail**
       ☒   **by Hand Delivery**
12     ☐   **by Overnight Delivery**

13

14                                          Kristen L. Tranetzki

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE

EXHIBIT  2
PAGE  2

1

2

3

4              IN THE CIRCUIT COURT OF THE STATE OF OREGON

5                        FOR THE COUNTY OF MARION

6    DARREN HENDREN,                        )
         An individual,                     )
7                                           )    Case No. 12C16828
                            Plaintiff,      )
8                                           )    NOTICE TO ADVERSE PARTY OF
         vs.                                )    REMOVAL TO FEDERAL COURT
9                                           )
     WELLS FARGO BANK, N.A., a national     )
10   banking association; WELLS FARGO HOME  )
     MORTGAGE, INC.; T.D. SERVICE           )
11   FINANCIAL CORPORATION, a foreign       )
     business corporation, and CHRISTOPHER  )
12   DORR, an individual,                   )
                                            )
13                          Defendants.     )
                                            )
14   ─────────────────────────────────────

15   TO:   Plaintiff Darren Hendren, through his attorneys, Christopher B. Matheny and Fetherston
           Edmonds LLP
16
           Defendants Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage, Inc. acting
17
     through their undersigned counsel, hereby give notice of the removal of the above-captioned case
18
     to the United States District Court for the District of Oregon, Eugene Division.   A true and
19
     correct copy of the underlying Notice of Removal is attached hereto as Exhibit 1, excluding
20
     exhibits.
21
           DATED: July 13, 2012
22
                                             LANE POWELL PC
23
                                             By ⟨signature⟩
24                                              Pilar C. French, OSB No. 962880
                                                Kristen L. Tranetzki, OSB No. 115730
25                                              docketing-pdx@lanepowell.com
                                             Attorneys for Wells Fargo Bank, N.A. and Wells
26                                           Fargo Home Mortgage, Inc.

PAGE 1 -   NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

EXHIBIT  3
PAGE     1

1

### CERTIFICATE OF SERVICE

2        I hereby certify that on July 13, 2012, I caused to be served a copy of the foregoing

3    NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT on the following

4    person(s) in the manner indicated below at the following address(es):

5    Christopher B. Matheny, Esq.
     Fetherston Edmonds LLP
6    960 Liberty Street SE, Suite 110
     Salem, OR  97302-4165
7    Facsimile:  503.585.3978
     E-Mail:  cmatheny@fetherstonedmonds.com
8

9
     ☐   **by CM/ECF**
10   ☐   **by Electronic Mail**
     ☐   **by Facsimile Transmission**
11   ☐   **by First Class Mail**
     ☒   **by Hand Delivery**
12   ☐   **by Overnight Delivery**

13

14                                        Kristen L. Tranetzki

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE

EXHIBIT  3
PAGE  2